# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONAL R. EDWARDS, ) | |
| Escambia County Jail ) | |
| Booking # ECSO21JBN000431, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00260-JB-N |
| ) | |
| RICHARD HETRICK, *Warden*, ) | |
|     Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Donal R. Edwards, then an inmate at the Escambia County Jail in Brewton, Alabama, initiated this case on June 24, 2022, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention on charges pending against him in Escambia County state court. (Doc. 1).[1] He also paid the $5 filing fee for this habeas corpus action, *see* (Doc. 6); 28 U.S.C. § 1914(a), and has submitted several filings supplementing his petition. (Docs. 7, 8, 10. *See also* Doc. 11 n.2, PageID.35-36 (deeming "the current operative habeas petition to be Documents 1, 7, 8, and 10")). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to

---

[1] "Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam). *Accord Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").
    Because Edwards is in custody within this judicial district, this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. §§ 81(c)(2), 2241(a).

develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

After conducting preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned ordered the Respondent to file and serve an answer to the petition under Rule 5 of the Rules Governing Section 2254 Cases. The Respondent timely complied on January 26, 2023, asserting that Edwards's petition was due to be dismissed for failure to first exhaust his claims in state court. (*See* Doc. 15).

## I.  *Analysis*

### a.  Mootness of Petition

On October 10, 2023, the Court received a notice from Edwards stating that he had been released from the Escambia County Jail and was residing at a free-world address in Atmore. A recent review of the online inmate search tools for both the Escambia County Jail (https://www.escambiacountysheriffal.org/roster.php (last visited Sept. 26, 2024)) and the Alabama Department of Corrections (https://doc.alabama.gov/InmateSearch (last visited Sept. 26, 2024)) confirms that Edwards is still not in the custody of either entity. In light of this development, the

---

[2] *See* Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas petition not [filed under 28 U.S.C. § 2254]."); S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

undersigned concludes that Edwards's present § 2241 petition is due to be dismissed as moot.

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,' " and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).
>
> Because mootness is jurisdictional, [a court is] required to resolve any question implicating the doctrine before we assume jurisdiction over an [action]. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) … In considering mootness, we look at the events at the present time, not at the time the complaint was filed … *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

*Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). "The fundamental question is whether events have occurred that deprive [the federal courts] of the ability to give the [petitioner] meaningful relief." *Id.* at 1107.

In his petition and other filings in this action, Edwards has at times challenged his pretrial detention in the following four Escambia County Circuit Court cases, primarily on speedy-trial and excessive-bail grounds: 30-CC-2018-000382.00 (concerning charges of third-degree theft of property and fraudulent use of a credit/debit card); 30-CC-2021-000193.00 (concerning charges of domestic violence); 30-CC-2022-000501.00 (concerning charges of first-degree kidnapping and second-degree assault); and 30-CC-2023-000127 (concerning charges of possession of a

controlled substance and various misdemeanors).³ However, a recent review of the publicly available docket of those cases using Alacourt.com (https://v2.alacourt.com/), the State of Alabama's electronic database of its state trial courts' dockets, indicates that none of those cases is currently pending against Edwards, as evidenced by the various state court filings attached hereto.⁴

On November 30, 2022, the circuit court dismissed case number 30-CC-2018-000382.00 on motion of the State of Alabama filed that same day. (*See* Motion and Order attached hereto as Exhibit A and Exhibit B, respectively). In 30-CC-2023-000127, on September 14, 2023, the circuit court dismissed one count of the indictment on the State's unopposed motion, Edwards pleaded guilty to all remaining counts, and the court sentenced him "to time served" and court costs. (*See* Order attached hereto as Exhibit C). That same day, the circuit court dismissed case number 30-CC-2021-000193.00 on the State's unopposed oral motion to "Nolle Pros." (*See* Order attached

---

³ Edwards has also at times referenced case number "2021-461," but that appears to be an Escambia County district court case containing pretrial proceedings related to circuit court case number 33-CC-2022-000501.00 .
 Alacourt also reveals that a new criminal case was brought this year against Edwards in Escambia County Circuit Court, Case No. 30-CC-2024-000143, on firearms charges. Edwards, through appointed counsel, waived arraignment on May 13, 2024. The docket does not reveal any significant activity since then, and the case appears set for a hearing on October 17, 2024. However, Edwards made bond in that case and was released from jail, and he has not raised any challenge to those proceedings in the present action.

⁴ A district court generally may take judicial notice of a habeas petitioner's state court records, so long as the parties are allowed to be heard on the matter "after the court takes notice." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (per curiam). In such circumstances, "the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them." *Id.* at 653.

hereto as Exhibit D). Finally, in case number 30-CC-2022-000501.00, Edwards pleaded guilty to an agreed amended charge of third-degree domestic violence, and on November 9, 2023, all remaining charges were dismissed and Edwards was sentenced to "time served," with the directive that he "have no contact with the victim." (*See* Order attached hereto as Exhibit E).

As Edwards is clearly no longer in custody pursuant to the two dismissed Escambia County cases, the Court can no longer offer him any meaningful relief under § 2241 for his pretrial detention in those case. As for the other two cases in which Edwards pleaded guilty, it is well-recognized that a § 2241 petition is moot once the petitioner has been convicted on the underlying state charges since a federal court can no longer grant meaningful relief for pretrial federal rights violations once the petitioner is held as a convicted defendant. *See Powers v. Schwartz*, 587 F.2d 783, 783–84 (5th Cir. 1979) (per curiam) ("At oral argument, all parties admitted that since the district court's action, Ms. Powers has been tried on and convicted of the charges that precipitated this [habeas] action. Ms. Powers is therefore no longer a pretrial detainee; she has not shown a reasonable probability that she will again acquire that status in the future; and this is not a class action. The case is therefore moot.");[5] *Yohey v.*

---

[5] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

*Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his requests for pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented." ); *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (unpublished) (Petitioner "filed his petition in the district court while awaiting his state-court trial; however, § 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner.").

### b. Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by

a State court." 28 U.S.C. § 2253(c)(1)(A).[6]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more

---

[6] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Edwards should be **DENIED** a certificate of appealability in connection with the dismissal of this habeas action. Edwards has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not find it debatable or wrong that dismissal for mootness is warranted.[7]

## *II. Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that this action for a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED without prejudice** as **MOOT**, that the Court **DENY** Edwards a Certificate of Appealability in connection with this dismissal, and that such final judgment thereafter be set out by separate document in accordance with Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

---

[7] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.
 Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **26th** day of **September 2024**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**